# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| AIP ACQUISITION LLC, | : |
| Plaintiff, | : C.A. No. _____ |
| v. | : |
| VONAGE HOLDINGS CORP., VONAGE AMERICA INC., and VONAGE MARKETING LLC, | : **JURY TRIAL DEMANDED** |
| Defendants. | : |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff AIP Acquisition LLC ("AIP") by way of this Complaint against Vonage Holdings Corp ("Vonage Holdings"), Vonage America Inc. ("Vonage America"), and Vonage Marketing LLC ("Vonage Marketing") (collectively, "Vonage" or "Defendants"), hereby alleges with knowledge with respect to its own acts and upon information and belief with respect to all others:

## PARTIES

1.  AIP is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 2200 Fletcher Avenue, 5th Floor, Fort Lee, New Jersey 07024.

2.  Defendant Vonage Holdings is a Delaware corporation with a principal place of business at 23 Main Street, Holmdel, New Jersey 07733.

3.  Defendant Vonage America is a Delaware corporation with a principal place of business at 23 Main Street, Holmdel, New Jersey 07733.

4. Defendant Vonage Marketing is a Delaware limited liability company with a principal place of business at 23 Main Street, Holmdel, New Jersey 07733.

5. Vonage may be served via their registered agent, The Corporation Trust Company, 1209 North Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

6. This is a civil action for patent infringement arising under 35 U.S.C. §§ 100, *et seq.*, and in particular § 271.

7. This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. § 1338(a).

8. This Court has personal jurisdiction over Defendants because they are incorporated under the laws of the State of Delaware.

9. Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b) because Defendants reside in this judicial district.

## FACTUAL BACKGROUND

*AIP and the Patents*

10. The members of AIP are former shareholders of Arbinet Corporation ("Arbinet"). Arbinet, a public company, was founded in 1996 by Alex Mashinsky, an entrepreneur and named inventor on over fifty patent applications. Since then, Mr. Mashinsky has launched several other successful telecommunications and transportation companies, including Transit Wireless, the exclusive provider of certain wireless services to commuters in the New York City subway system.

11. Arbinet is a leading wholesale international voice and data communications service provider, operating an electronic market for cost-effective and efficient trading, routing

and settling of communications capacity.  Arbinet owned a significant telecommunications patent portfolio, including a number of Mr. Mashinsky's patents.

12. In late 2010, Arbinet was acquired by another entity.  Subsequently, a majority of Arbinet shareholders organized AIP, and acquired Arbinet's portfolio of patents and patent applications. The patent in suit is part of this portfolio.

13. On September 11, 2007, the United States Patent and Trademark Office issued United States Patent No. 7,269,247 ("the '247 Patent") on the communication between two telecommunication nodes involving a transmission that includes, *e.g.*, a call setup request or signaling messages in a telecommunication protocol over a telephone network; converting the transmission to an internet protocol; transmitting the transmission over the Internet; converting the transmission to a telecommunication protocol; and transmitting the transmission to a second telecommunication node.  The '247 Patent is entitled EFFICIENT COMMUNICATION THROUGH NETWORKS.  A copy of the '247 Patent is attached as Exhibit A.

14. AIP is the assignee of the '247 Patent ("the Patent").

*Vonage' Infringing Services*

15. Defendants make, use, offer for sale, and/or sell within the United States at least the following infringing communications services: "Vonage World," "Vonage World Plus," "Vonage World Mexico Sin Limites," "U.S. & Canada Unlimited," "U.S. & Canada 800," and "U.S. & Canada 400," "Metered Extensions," "Unlimited Extensions," and "Virtual Extensions";

16. The communications services identified in Paragraph 15 provide communication between two telecommunication nodes involving the transmission that includes a call setup request or signaling messages in a telecommunication protocol over a telephone network; converting the transmission to an internet protocol; transmitting the transmission over the

Internet; converting the transmission to a telecommunication protocol; and transmitting the transmission to a second telecommunication node.

17. Discovery may show that Vonage makes, uses, offers for sale, and/or sells additional infringing communications systems and services.

## CLAIM FOR RELIEF

*Infringement of '247 Patent*

18. AIP repeats and re-alleges Paragraphs 1-17 as if fully set forth herein.

19. Vonage, through at least the services identified in Paragraph 15, has been and still is infringing the '247 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the ' 247 Patent, including at least Claim 1 of the '247 Patent.

20. As a direct and proximate result of Vonage's acts of infringement, AIP has been, is being, and will be damaged. Consequently, AIP is entitled to compensation for its damages from Vonage under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial

## DEMAND FOR JURY TRIAL

21. AIP requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, AIP respectfully asks the Court for the following relief:

(i) A judgment declaring that Vonage has infringed the '247 Patent as alleged herein;

(ii) A judgment awarding AIP damages under 35 U.S.C. § 284;

(iii) A judgment and order granting supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed;

  (iv)  A judgment and order awarding AIP pre-judgment and post-judgment interest on the damages awarded; and

  (v)  Such other and further relief as the Court deems just and equitable.

| | |
|---|---|
| January 3, 2014 | **BAYARD, P.A.** |
| Of Counsel: |  /s/ Stephen B. Brauerman<br>Richard D. Kirk (rk0922) |
| Karen H. Bromberg<br>Francisco A. Villegas<br>Damir Cefo<br>**COHEN & GRESSER LLP**<br>800 Third Avenue<br>New York, New York 10022<br>(212) 957-7600<br>kbromberg@cohengresser.com<br>fvillegas@cohengresser.com<br>dcefo@cohengresser.com | Stephen B. Brauerman (sb4952)<br>Vanessa R. Tiradentes (vt5398)<br>Sara E. Bussiere (sb5725)<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, Delaware 19899<br>rkirk@bayardlaw.com<br>sbrauerman@bayardlaw.com<br>vtiradentes@bayardlaw.com<br>sbussiere@bayardlaw.com<br>(302) 655-5000 |
| | *Attorneys for AIP Acquisition LLC* |